### STATE v. FLONNIE WALDEN THOMAS.

(Filed 9 November, 1955.)

**Homicide § 25—**

>   Evidence in this case *held* sufficient to support conviction of defendant for manslaughter.

APPEAL by defendant from *Fountain, Special Judge,* at July Criminal Term, 1955, of WAKE.

Criminal prosecution tried upon a bill of indictment charging the defendant with the murder of her husband, Lattie Thomas.

There was a verdict of guilty of manslaughter. From judgment imposing penal servitude of not less than three nor more than five years, the defendant appeals.

*Attorney-General Rodman and Assistant Attorney-General Bruton for the State.*

*Thomas W. Ruffin for defendant, appellant.*

PER CURIAM. The only exceptions brought forward challenge the sufficiency of the evidence to carry the case to the jury over the defendant's motions for judgment as of nonsuit. The exceptions are untenable. The evidence discloses that the deceased came to his death as a result of a pistol wound inflicted by the defendant under circumstances justifying the inference that the defendant was guilty of manslaughter. The jury rejected her contention that the killing was accidental. The verdict is amply sustained by the evidence, and the judgment is supported by the verdict.

No error.

---

### FRED R. DENNIS v. FRANK DETELS.

(Filed 9 November, 1955.)

**Appeal and Error § 40f—**

>   The denial of a motion to strike will not be disturbed on appeal when it does not appear that retention of the challenged allegation will materially prejudice defendant on the final hearing.

APPEAL by defendant from *Gwyn, J.,* April Term, 1955, of STANLY.

Civil action to recover damages to person and property, growing out of a collision on 10 July, 1954, at the intersection of U. S. Highway 52

and N. C. Highway 49, near Richfield, Stanly County, allegedly caused by the negligence of defendant.

Defendant, in apt time, filed motion under G.S. 1-153 to strike as irrelevant and redundant designated allegations of the complaint.

After hearing in due course, Judge Gwyn entered an order denying defendant's said motion. Defendant excepted and appealed, assigning as error the denial of his motion in respect to each designated allegation challenged thereby.

*R. L. Smith & Son and Morton & Williams for plaintiff, appellee.*
*Brown & Mauney for defendant, appellant.*

PER CURIAM. Careful consideration of each challenged allegation fails to disclose that its retention in the complaint will materially prejudice defendant on the final hearing of this cause. Hence, Judge Gwyn's order is

Affirmed.

---

## STATE v. JOHN WASHINGTON.

### (Filed 9 November, 1955.)

APPEAL by defendant from *Sharp, Special J.,* August Term 1955 of MOORE.

Criminal prosecution for operating a motor vehicle on the public roads of North Carolina and on the streets of the Town of Southern Pines, while under the influence of intoxicating liquor.

Verdict: Guilty. Judgment: Imprisonment for four months.

Defendant appeals, assigning error.

*William B. Rodman, Jr., Attorney General, and T. W. Bruton, Assistant Attorney General, for the State.*
*Seawell & Wilson for Defendant, Appellant.*

PER CURIAM. The defendant assigns as error the court's denial of his motion for judgment of nonsuit made at the close of the State's case, and renewed at the close of all the evidence. A careful reading of the record discloses there was ample evidence to carry the case to the jury.

The other assignments of error are to the charge. A study of the charge fails to disclose any error therein of sufficient prejudicial effect to justify a new trial.